### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MAYWOOD MART TEI EQUITIES LLC, | ) | |
| | ) | Docket No.: |
| Plaintiff, | ) | |
| | ) | **ECF CASE** |
| -against- | ) | |
| | ) | |
| ZURICH AMERICAN INSURANCE | ) | **COMPLAINT WITH** |
| COMPANY, | ) | **JURY DEMAND** |
| | ) | |
| Defendant. | ) | |

Plaintiff, MAYWOOD MART TEI EQUITIES LLC (hereinafter "Plaintiff"), by their attorneys WEG AND MYERS, P.C., as and for their Complaint against Defendant ZURICH AMERICAN INSURANCE COMPANY (hereinafter "Defendant") respectfully allege as follows:

### NATURE OF THE ACTION

1.      Plaintiff brings this action against Defendant ZUIRCH AMERICAN INSURANCE COMPANY for breach of contract.

2.      This action arises from the failure of Defendant to indemnify Plaintiff pursuant to a policy of insurance issued by Defendant to Plaintiff.

3.      The policy of insurance herein at issue insures against all risks of loss to property damage including earth movement.

4.      As the direct result of sudden earth movement, Plaintiff sustained damage to their building located at 1220 E. Northside Drive, Jackson, MS 39211 (hereinafter the "Subject Premises") in the amount estimated to be $5,100,000.00.

5.    Notwithstanding that said loss was covered pursuant to the terms and conditions of the aforesaid policy of insurance, Defendant has failed to indemnify Plaintiff for their losses.

6.    As a result of Defendant's failure to comply with its own policy forms and conditions, Plaintiff have commenced this action.

## JURISDICTION AND VENUE

7.    This action is filed under and pursuant to 28 U.S.C. § 1332, in that the Plaintiff and Defendant are residents of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8.    This action involves a dispute as to the rights and obligations of the parties in connection with a policy of insurance contracted for by Plaintiff, Mississippi residents, with an insurance company, Defendant, which is domiciled in New York and maintains its principal place of business at One Liberty Plaza, 165 Broadway, 21st Floor, New York, New York, 10006.

9.    Pursuant to 28 U.S. Code § 1391(b)(2) venue is proper as the Defendant is incorporated and maintains its principle place of business in the state of New York.

10.    An actual controversy of a justiciable nature exists between Plaintiff and Defendant involving the rights and obligations under the aforesaid policy of insurance and the aforesaid controversy can be determined by judgment of this Court without further suit.

## PARTIES

11.    At all relevant times herein mentioned, plaintiff was and is a foreign Limited Liability Company with its principle place of business located at 1220 E. Northside Drive, Jackson, MS 39211.

2

12.     At all times hereinafter mentioned, Defendant, ZURICH AMERICAN INSURANCE COMPANY was and is a domestic corporation organized and existing under and by virtue of the laws of New York, and having its principle place of business at One Liberty Plaza, 165 Broadway, 21st Floor, New York, New York, 10006.

13.     Heretofore and prior to April 7, 2014, Defendant for good and valuable consideration, made and issued to Plaintiff a certain Policy of Insurance bearing number CPO 9827078-00 (hereinafter the "Subject Policy").

## BACKGROUND FACTS

14.     On or about April 7, 2014, Plaintiff suffered damage to the Subject Premises as a result of sudden earth movement.

15.     At the time of the damage to the Subject Premises, the Subject Policy was in full force and effect.

16.     The Subject Policy covered losses resulting from, inter alia, earth movement.

17.     Plaintiff timely submitted a claim to Defendant for the damages suffered as a result of the sudden earth movement.

18.     To date, though due demand has been made, Defendant has failed to indemnify Plaintiffs pursuant to the terms of the Subject Policy.

### AS AND FOR A FIRST CLAIM AGAINST
### DEFENDANT ZURICH AMERICAN LIFE INSURANCE COMPANY OF NEW YORK
(Breach of Contract – Building Damage)

19.     Plaintiff repeats, reiterates and realleges each and every allegation contained within paragraphs "1" through "18," inclusively, with the same force and effect as though more fully set forth herein at length.

3

20.     Due to the effects of sudden earth movement, Plaintiff suffered a covered loss to the Subject Premises.

21.     At all times hereinafter mentioned, Plaintiff had an insurable interest in the Subject Premises.

22.     The damage to the Subject Premises occurred while the Subject Policy was in full force and effect.

23.     Notwithstanding the fact that Plaintiff timely submitted a claim to Defendant, Defendant has failed to indemnify Plaintiff for its loss.

24.     By its failure to indemnify Plaintiff for its covered loss, Defendant has breached its insurance contract with Plaintiff.

25.     As a result of Defendant's breach of the insurance contract, Plaintiff has suffered property damages in an amount estimated to be $5,000,000.00.

**AS AND FOR A SECOND CLAIM AGAINST DEFENDANT**
**ZURICH AMERICAN INSURANCE COMPANY**
(Breach of Contract – Loss of Rent)

26.     Plaintiff repeats, reiterates and realleges each and every allegation contained within paragraphs "1" through "25," inclusively, with the same force and effect as though more fully set forth herein at length.

27.     Due to the effects of sudden earth movement, causing property damage to the Subject Premises, Plaintiff suffered a loss of rents in the amount of $100,000.00.

28.     At all times hereinafter mentioned, Plaintiff had an insurable interest in the Subject Premises.

29.     The damage to the Subject Premises occurred while the Subject Policy was in full force and effect.

4

30.     Notwithstanding the fact that Plaintiffs timely submitted a claim to Defendant, Defendant has failed to indemnify Plaintiffs for their loss.

31.     By its failure to indemnify Plaintiff for its covered loss, Defendant has breached its insurance contract with Plaintiff.

32.     As a result of Defendant's breach of the insurance contract, Plaintiff has suffered damages in lost rents in an amount estimated to be $100,000.00.

**WHEREFORE,** Plaintiff, MAYWOOD MART TEI EQUITIES LLC, demands judgment as follows:

a)     On the first claim against Defendant, ZURICH AMERICAN LIFE INSURANCE COMPANY OF NEW YORK, in the amount believed to exceed $5,000,000.00, representing Plaintiffs' physical damages to the Subject Premises; and

b)     On the second claim against Defendant, ZURICH AMERICAN LIFE INSURANCE COMPANY OF NEW YORK, in an amount believed to exceed $100,000.00, together with costs and disbursements of this action; and

c)     For such other and further relief as to which this Court deems just and proper.

Dated: New York, New York
       April 7, 2016

Yours, etc.,

**WEG AND MYERS, P.C.**
*Attorneys for Plaintiff*

By:
   Joshua L. Mallin, Esq. (JM0474)
   Federal Plaza
   52 Duane Street

5

New York, New York 10007
(212) 227-4210

Docket No.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

MAYWOOD MART TEI EQUITIES LLC,

Plaintiff,

-against-

ZURICH AMERICAN INSURANCE COMPANY,

Defendant.

COMPLAINT

*Weg and Myers, P.C.*
Attorney for Plaintiff
Office and Post office Address, Telephone
Federal plaza
52 Duane Street
NEW YORK, NEW YORK 10007
(212) 227-4210